IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PATRICIA A. PIERCE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:12CV743 |
| TORNELLO F. PIERCE, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Defendant Tornello F. Pierce, a non-prisoner proceeding *pro se*, commenced this action by filing a document entitled "Removal from State Court to US Middle District Court" on July 18, 2012. (Docket Entry 1.) The underlying action involved enforcement of a child support order in the General Court of Justice, District Court Division, in Guilford County. For the reasons outlined below, the court concludes that this court lacks a proper basis for removal jurisdiction of the state court action, and the action in this court should be dismissed. Additionally, because this court lacks jurisdiction, Defendant's motion for entry of default judgment (Docket Entry 4) and motion for default judgment (Docket Entry 5) should be denied.

Defendant attached to his petition a copy of an "Order to Appear and Show Cause for Failure to Comply [with] Support Order and Order to Produce Records" which was filed in Guilford County District Court on July 13, 2012. (*See* Docket Entry 1-1.) This order indicates that Defendant is over $50,000 in arrears in his support obligations and orders Defendant to appear on July 27, 2012 "to show cause why [he] should not be subject to

income withholding or held in contempt of court for failing to comply with the lawful orders of [the] Court." (*Id.*) Defendant also has attached to the petition various other documents. (*See* Docket Entries 1-2 to 1-7.) What is missing from this filing, however, is any document which might be construed as a complaint in state or federal court. Additionally, there is no indication in the docket that Plaintiff Patricia Pierce was ever served or notified that Defendant had attempted to remove to federal court what is inarguably a state action.

On July 19, 2012, Defendant filed a document he entitled "Affidavit Negative Averment for Counterclaim." (Docket Entry 3.) In this document, Defendant makes certain statements or affirmations, essentially asserting that Patricia Pierce and a multitude of Guilford County officials, including judges, the "Child Support Director" and case workers, committed fraud against Defendant and violated his rights in other ways. Defendant then lists what he calls nine "Causes of Action." These statements and allegations are, for the most part, nonsensical and difficult to decipher. Defendant then "demands" damages in the amount of $350,000 from Plaintiff, costs and injunctive relief "ordering Plaintiff and Guilford County Child Support/Case Worker to leave [Defendant] alone as well as property(ies) and release all liens/levies." (Docket Entry 3 at 5.)

On August 27, 2012, Defendant filed a document entitled "ENTRY A DEFAULT; DEFAULT JUDGMENT." (Docket Entry 4.[1]) In this document, Defendant avers that Plaintiff Patricia Pierce was served by United States mail with a copy of the Counterclaim filed on July 19, 2012, and that Plaintiff had failed to respond. Defendant then seeks a default judgment in the amount of $350,000.

---

[1] This document was docketed by the Clerk of Court as a Motion for Entry of Default. (*See* Docket Entry dated August 27, 2012.)

2

On October 10, 2012, Defendant filed a document entitled "DEFAULT JUDGMENT ORDER ATTACH," in which he requests "the clerk of courts [sic] to enter a Default Judgment/Order in favor of the Defendant in error."[2] (Docket Entry 5.) Defendant attached a proposed order for entry of default judgment. (Docket Entry 5-1.)

Defendant here paid the $350 filing fee when he filed the purported petition for removal. Because Defendant is not proceeding *in forma pauperis*, no statutory screening is authorized under the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(2). Nevertheless, a district court has inherent authority to dismiss a frivolous complaint *sua sponte*. *See Mallard v. United States Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron*, 493 Fed. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte*, even when plaintiff has paid the filing fee, noting that "district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources").[3]

---

[2] Throughout his filings, Defendant identifies himself as "Defendant in error."
[3] *See also Jones v. Comm'r*, Civil Action No. CCB-07-2024, 2007 WL 4302593, at *2 (D. Md. Aug. 23, 2007) ("[I]t is well-established that a court has broad inherent power *sua sponte* to dismiss an action . . . which is frivolous, vexatious, or brought in bad faith."); *Bustos v. Chamberlain*, C.A. No. 3:09-1760-HMH-JRM, 2009 WL 2782238, *2 (D.S.C. Aug. 27, 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous."), citing *inter alia*, *Mallard*, 490 U.S. at 307-08; *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (noting that where a § 1915 screening was not applicable because a *pro se* party paid the filing fee, the Court still had inherent authority "wholly aside from any statutory warrant" to act *sua sponte*); and *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004)

3

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). The removal statute provides in relevant part:

> (a) Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

28 U.S.C. 1441(a-b). Federal courts thus have original jurisdiction over primarily two types of cases: (1) those involving federal questions and (2) those involving diversity of citizenship. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed against removal and in favor of remand. *Id.*; *see also Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) ("If federal jurisdiction is in doubt, such doubt must be resolved in favor of state court jurisdiction and the case remanded."); *Deutsche Bank Nat. Trust Co. v. Lovett*, C/A No. 3:12-1819-MBS-SVH, 2012 WL 7070324, at *3 (D.S.C. Aug. 24, 2012) (same).

In assessing the propriety of removal, the rules for determining whether a controversy "arises under" federal law, thus creating federal question jurisdiction, are well established. First, federal law must be an "essential" element of the plaintiff's cause of

---

(*sua sponte* dismissal in fee-paying *pro se* case is warranted where the claims presented no arguably meritorious issue to consider).

Case 1:12-cv-00743-WO-JLW   Document 6   Filed 10/28/13   Page 4 of 9

action. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Next, the federal question which is the predicate for removal must be "presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Gully*, 299 U.S. at 112-13 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action . . . and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Accordingly, the federal claim or right that provides the predicate for removal cannot appear for the first time in a defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by a defendant. 14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722, pp. 402-14 (3d ed. 1998 & Supp. 2008); *see Caterpillar Inc.*, 484 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); *Gully*, 299 U.S. at 113; *see also Hunt v. Lamb*, 427 F.3d 725 (10th Cir. 2005) (vacating dismissal and ordering remand to state court, holding that court lacked jurisdiction over custody dispute, even if defendant sought to vindicate federal civil and constitutional rights by way of defense or counterclaim); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (removability cannot be

5

created by defendant pleading a counterclaim presenting a federal question). Third, the federal question raised must be a substantial one. *Hagans v. Levine*, 415 U.S. 528, 536 (1974). Finally, the party seeking removal bears the burden of establishing federal jurisdiction. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974); *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

Here, there was not a "civil action" pending in state court which could properly be removed. First, the pleading attached to the removal "petition" was not a complaint in a civil action; rather, it was an order to appear and show cause as to why Defendant should not be held in contempt for failure to comply with a child support order in Guilford County. There is, quite simply, no justiciable claim. Additionally, there is no indication that federal law is an essential element of the underlying claim, nor is any federal question "presented on the face of Plaintiff's complaint."[4] *Rivet*, 522 U.S. at 475. Moreover, though Defendant cites various statutes and constitutional provisions, the nonsensical nature of the "removal petition" he filed is clear in the seven paragraphs of the pleading:

> 1. This District Court of the United States has original, concurrent, and supplementary jurisdiction over this Civil Action pursuant to the authorities cited above, including, but not limited to the following, to-wit: Article III, 28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 USC 1441(b), 28 USC § 1441(c), 28 USC § 1441(e), 28 USC § 1443(1), 28 USC § 1443(2), and/or 28 USC § 1446, 28 USC 1442(A).
>
> 2. The District Court has original jurisdiction of Diversity citizen/CITIZEN of the United States is an Article III court with authority to hear questions arising under the Constitution, Laws and Treaties of the United States, including but not limited to, the Universal Declaration of Human Rights, with Reservations. *See* the Article VI Supremacy Clause of the Constitution of the

---

[4] In fact, as noted earlier, there is no complaint for the court to review. What Defendant attempted to remove to this court is an order requiring him to show cause as to why he should not be held in contempt for failure to pay child support as ordered in state court.

6

United States of America, as lawfully amended (hereinafter "U.S. Constitution").

3. Whereby, the Plaintiff is not the secure party/creditor, Tornello fontaine pierce el-bey, is the Secured Party/Creditor of the Debtor TORNELLO F PIERCE, as well as Secure Party of Debtors at dispute and herein will submits and file a Counter Claim for Damages as a matter of right arising out of violations of DUE PROCESS OF LAW MISAPPLICATION OF STATUE, OBSTRUCTION OF JUSTICE, DISHONOR OF A COMMERCIAL TRANSACTION, but not limited to and/or violations to his person, rights and property to wit.

## RESERVATION OF RIGHTS DUE TO FRAUD

4. Tornello Fontaine Pierce El-Bey hereby explicitly reserve(s) my fundamental Right(s) to amend this and all subsequent pleadings, should future events and/or discoveries prove that he has/have failed adequately to comprehend the full extent of the damage(s) which he has suffered at the hands of the Plaintiff, the state court, and other involved parties, both named and unnamed, now and at all times in the future. See Rules 8, 15, and 18 of the Federal Rules of Civil Procedure

## RECORD OF STATE PROCEEDINGS

5. I Tornello Fontaine Pierce El-Bey is now proceeding on the basis of the presumption that the NORTH CAROLINA court record will be made available to this Court upon Notice and Demand for Mandatory Judicial Notice, pursuant to Rules 201 and 902 of the Federal Rules of Evidence, the Full Faith and Credit Clause contained under Article IV of the U.S. Constitution, and 28 U.S.C. § 1449.

## INCORPORATION OF PRIOR PLEADINGS

6. I hereby incorporate(s) by reference all pleadings, papers, and effects heretofore filed or otherwise lodged within the STATE proceedings the same as if fully set forth herein.

## CONCLUSION

For the facts and laws stated above as well as pursuant to Rule 11 of the Federal Rules of Civil Procedure, Tornello Fontaine Pierce El-Bey move the court to invoke for removal of the above-encaptioned State court proceedings into, and under, the jurisdiction of this United States District Court, with all speed to preserve the rights of the parties to orderly due process and the good

conduct of the business of this court, and to vindicate the authority and dignity of this court.

(Docket Entry 1)(spelling and capitalization in original).

These assertions are similar to "allegations [of] the type that have been described by other courts as 'gibberish.'" *Hall El v. Craven*, No 1:12CV246, 2012 WL 1067627, at *5 (M.D.N.C. Mar. 30, 2012) (quoting *Cannon v. State Workers*, No. 2:08-3447-HNH-RSC, 2008 WL 4960234, at *2 (D.S.C. Nov. 20, 2008)). Defendant's list of various federal statutes does not excuse the total lack of merit in this action. Defendant here has clearly failed to carry his burden of demonstrating that removal is proper under the federal question jurisdiction of this court.[5] The only basis for the federal jurisdiction would be if the underlying action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, the underlying action here which Defendant sought to remove is a child support enforcement action arising exclusively under state law. *See* N.C. Gen. Stat. §§ 50-13.4 *et seq.*; 52A-29, 30; *see also Arkenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.") These well-established principles clearly demonstrate that there is no federal jurisdiction over the underlying matter. Defendant's attempt to raise federal and constitutional claims or defenses to a state action clearly does not provide a basis for removal.

The status of the underlying state court matter is unclear. However, what is clear to this Court is that it is without jurisdiction to consider this action. Under 28 U.S.C. § 1447(c),

---

[5] It is clear that there is no diversity jurisdiction here as both Plaintiff and Defendant are residents of North Carolina.

8

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See also Northrup v. North Carolina*, 461 Fed. App'x 211, 212 (4th Cir. 2012) (unpublished) (noting that "the proper disposition upon a determination of the lack of subject matter jurisdiction is to remand the case to the state court, rather than dismiss the action"); *Deutsche Bank*, 2012 WL 7070324 at *3 ("A federal district court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided.") Accordingly, the Court recommends that the matter be remanded to the state court.

## CONCLUSION

Defendant has failed to demonstrate any lawful basis for removal of this action. Therefore, **IT IS RECOMMENDED** that this action be remanded to the District Court of Guilford County. **IT IS FURTHER RECOMMENDED** that Defendant's Motion for Entry of Default (Docket Entry 4) and Motion for Default Judgment (Docket Entry 5) be denied.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
October 28, 2013